[Judge Taggart of the fifth circuit sitting in place of Judge Fillius.]

STATE OF OHIO v. JOHN A. FULLER.

ACTUAL KNOWLEDGE BY KEEPER OF PREMISES OF UNLAWFUL SALES OF LIQUOR THEREON BY PERSON PLACED IN CHARGE NOT NECESSARY TO SUSTAIN CONVICTION.

In the prosecution under Gen. Code 13225, for keeping a place where intoxicating liquors are sold contrary to the provisions thereof, it is not necessary to prove actual knowledge on the part of the keeper of the premises of unlawful sales of liquor made thereon where such sales were made by one placed by him in charge of the premises.

[Syllabus by the court.]

30 O. C. C. Vol. 32.

Trumbull County.

ERROR to common pleas court.

## METCALFE, J.

The defendant, John A. Fuller, was charged before a magistrate with the offense of keeping a place for the sale of intoxicating liquors contrary to the provisions of what is commonly known as the Rose county local option law. He was convicted before the magistrate. The judgment of the magistrate was reversed by the common pleas court on error and error is prosecuted in this court to that judgment of reversal. The journal entry in the common pleas court does not state the ground upon which the reversal was made, so we assume generally that it was either upon the weight of the evidence or upon the law as applied by that court to the case.

Mr. Fuller was the keeper of the Park Hotel in Warren at the time this charge was made. There is a room in the hotel which was formerly used as the barroom and at the time the alleged illegal sales were made it was used as a pool room and for the sale of soft drinks, and was in charge of a man named Goldie. Two detectives testify in the case that they purchased liquor of Goldie upon several different occasions, and that the liquor which they purchased was drank upon the premises by them and others. We think from the evidence that the magistrate was fully warranted in finding that the sales were made by Goldie at the time and place charged, but we are not prepared to say that the evidence shows beyond a reasonable doubt that Mr. Fuller had knowledge of those sales. The conclusion we have reached, however, is that it is immaterial whether or not he had actual knowledge of sales made on the premises by the person placed by him in charge thereof, for we are convinced that it is the intention of the law to charge the keeper of the premises where unlawful sales of liquor are made by a person placed in charge thereof with knowledge of the sale, and to make him responsible therefor.

Section 2 of the "Rose Law" (Gen. Code 13225) contains the following provision: "From and after thirty days from the date of holding said election it shall be unlawful for any person, personally or by agent, within the limits of such county, to

### State v. Fuller.

sell, furnish or give away intoxicating liquors to be used as a beverage, or to keep a place where such liquors are kept for sale, given away or furnished for beverage purposes and whoever from and after the thirty days aforesaid, violates any of the provisions of this act or in any manner directly or indirectly, sells, furnishes, or gives away or otherwise deals in any intoxicating liquors as a beverage, or keeps or uses a place, structure or vehicle, either permanent or transient for such selling, furnishing or giving away or in which or from which intoxicating liquors are sold, given away or furnished or otherwise dealt in as aforesaid, shall be guilty of a misdemeanor.''

It may be doubted whether the words "personally or by agent" are sufficient to charge the defendant with the responsibility for the acts of Goldie done without the defendant's knowledge for the word "agent" in this connection might well refer to one employed for the express purpose of making sales on behalf of his principal. However that may be, the subsequent provision, "Keeps or used a place, structure or vehicle * * * in which or from which intoxicating liquors are sold," seems to indicate a clear intention on the part of the legislature to place upon the keeper of the place where intoxicating liquors are sold a direct responsibility for the acts of those placed by him in charge thereof. See Huffcut, Agency p. 324, Sec. 265.

Mr. Fuller was the keeper of the Park Hotel, he put a man in charge of a room therein and in that room intoxicating liquors were sold by the person placed in charge of it, and consequently the defendant is liable under the provisions of Sec. 2. The judgment of the court of common pleas is reversed and that of the magistrate affirmed.

_ **Laubie** and **Taggart, JJ.,** concur.